IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALBERT DARCELL SULLIVAN, JR., §
    ID # 02086150, §
        Petitioner, §
         §
v. §         No. 3:26-CV-1079-K-BW
         §
DIRECTOR, TDCJ-CID, §
        Respondent. §     Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody, filed on April 3, 2026. (Dkt. No. 3.) Based on

the relevant filings and applicable law, the Court should **DISMISS** the petition with

prejudice as barred by the statute of limitations.

## I. BACKGROUND

Albert Darcell Sullivan, a prisoner of the Texas Department of Criminal

Justice, Correctional Institutions Division ("TDCJ-CID"), filed a habeas action

under 28 U.S.C. § 2254 challenging a February 2017 adjudication of guilt and 40-

year sentence in Dallas County, Texas. (*See id.* at 1.) He names the Director of the

TDCJ-CID as the respondent. (*See id.*)

In 2012, Sullivan entered an open guilty plea under a plea agreement to one

count of aggravated assault with serious bodily injury in Cause No. F10-21100-N in

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for
full case management.

the 195th Judicial District Court of Dallas County, Texas; that state court deferred adjudication and placed Sullivan on a six-year period of community supervision. (*See id.*); Order of Deferred Adjudication, *State v. Sullivan*, No. F10-21100-N (195th Jud. Dist. Ct., Dallas Cnty., Tex. Apr. 13, 2012). Sullivan did not appeal the deferred adjudication order.

Sullivan's community supervision was subsequently revoked for violation of its terms, and in February 2017, the state trial court adjudicated him guilty and sentenced him to 40 years of imprisonment in the TDCJ-CID.[2] *See* Judgment Adjudicating Guilt, *Sullivan*, No. F10-21100-N (195th Jud. Dist. Ct., Dallas Cnty., Tex. Feb. 22, 2017). The Fifth District Court of Appeals of Texas modified the judgment in Cause No. F10-21100-N to reflect Sullivan's plea of "not true" to the State's motion to adjudicate, the correct judgment date of February 17, 2017, and an affirmative deadly weapon finding; as modified, the judgment was affirmed. *See Sullivan v. State*, Nos. 05-17-00300-CR, 05-17-00301-CR, 2018 WL 1224529, at *8 (Tex. App.—Dallas Mar. 9, 2018, pet. ref'd). On June 6, 2018, the Texas Court of Criminal Appeals ("TCCA") refused Sullivan's petition for discretionary review ("PDR"). *Sullivan v. State*, No. PD-0395-18 (Tex. Crim. App. June 6, 2018).

Sullivan's first state habeas application challenging Cause No. F10-21100-N, filed by his first state habeas counsel in the state trial court on October 8, 2018, was

---

[2] Sullivan was also adjudicated guilty following a revocation of community supervision and sentenced to 20 years of imprisonment in Cause No. F10-21101-N. Sullivan does not challenge his deferred adjudication, revocation, or guilt adjudication in Cause No. F10-21101-N in this habeas action. (*See* Dkt. No. 3 at 1.)

dismissed without written order by the TCCA on December 19, 2018.  *See Ex parte Sullivan*, No. WR-89,261-01 (Tex. Crim. App. Dec. 19, 2018); *Ex parte Sullivan*, No. W10-21100-N(A) (195th Jud. Dist. Ct., Dallas Cnty., Tex. Oct. 8, 2018).  The state trial court received Sullivan's second state habeas application—filed pro se and dated January 10, 2025—challenging Cause No. F10-21100-N on February 13, 2025, and the TCCA denied it without written order on May 7, 2025.  *See Ex parte Sullivan*, No. WR-89,261-04 (Tex. Crim. App. May 7, 2025); *Ex parte Sullivan*, No. W10-21100-N(B) (195th Jud. Dist. Ct., Dallas Cnty., Tex. Feb. 13, 2025).

Sullivan now challenges his revocation and guilt adjudication in Cause No. F10-21100-N under § 2254 on the following grounds:

> (1)  Fourteenth Amendment Due Process—The forty-year sentence rested on a constitutionally unreliable punishment narrative;
>
> (2)  Sixth Amendment—Ineffective assistance of counsel for failure to adequately investigate, develop, and present available mental-health mitigation; and
>
> (3)  Fifth, Sixth, and Fourteenth Amendments—Counsel deprived Petitioner of his personal constitutional right to testify.

(Dkt. No. 3 at 2-3 (capitalization altered).)

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all federal petitions for habeas corpus filed after its effective date of April 24, 1996.  *See* AEDPA, Pub. L. 104–132, 110 Stat. 1217-1221; *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief.  *See* 28 U.S.C.

§ 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

For purposes of § 2244(d)(1)(A), there are two limitations periods when, as here, a deferred adjudication is involved: one for claims relating to the order of deferred adjudication and one for claims relating to the adjudication of guilt.  *See Tharpe v. Thaler*, 628 F.3d 719, 722-24 (5th Cir. 2010).  Sullivan's grounds for relief relate only to the adjudication of guilt.  (*See* Dkt. No. 3 at 2-3.)  The order adjudicating guilt became final on September 4, 2018, when the 90-day period to file a petition for a writ of certiorari with the Supreme Court expired following the TCCA's refusal of Sullivan's PDR.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when [the Supreme] Court affirms a

4

conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a **certiorari** petition expires"); Sup. Ct. R. 13.1.   Sullivan does not allege any facts showing that state action prevented him from filing a § 2254 petition earlier, and he does not allege any newly recognized constitutional right made retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(B), (C).

The alleged facts supporting Sullivan's claims became known or could have become known through the exercise of due diligence prior to the date his guilt adjudication became final.  Because the date his guilt adjudication became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, September 4, 2018.  Sullivan filed this federal habeas action over seven years later.  His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

## A.  Statutory Tolling

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

When Sullivan's first state habeas counsel filed the first state habeas application challenging Cause No. F10-21100-N on October 8, 2018, 34 days had elapsed from the date the guilt adjudication became final, leaving Sullivan 331 days to file a federal habeas petition.  The limitations period was tolled until December

19, 2018, when the TCCA dismissed the first state habeas application. The limitations period began to run again on December 20, 2018 for the remaining 331 days and expired on November 16, 2019. Because the limitations period expired on a Saturday, Sullivan had until Monday, November 18, 2019 to timely file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1). He did not file his § 2254 petition until over six years later.

Sullivan's second state habeas application challenging Cause No. F10-21100-N was filed over five years after the November 18, 2019 expiration of the limitations period. The second state habeas application therefore does not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a habeas application filed in state court after expiration of the applicable limitations period does not statutorily toll the limitations period). Accordingly, statutory tolling does not save Sullivan's petition.

**B.  Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 2000) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "'applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402

6

(5th Cir. 1999) (citation omitted), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006).

A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (citation and internal quotation marks omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (citation and internal quotation marks omitted). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000). Courts must examine each case to determine if there are sufficient exceptional circumstances warranting equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Sullivan contends that equitable tolling is warranted based on "[s]erial attorney failures amounting to abandonment[.]" (Dkt. No. 3 at 4.) He complains that his first state habeas counsel, who filed the first "placeholder" state habeas application, "raised no claims," and his second state habeas counsel filed a state habeas application "in the wrong case while disqualified and died before correcting the error." (*Id.* (emphasis omitted); *see also* Dkt. No. 4 at 6-7.)

Sullivan's first state habeas counsel filed the first "bare placeholder" state habeas application "to obtain the trial record." (Dkt. No. 4 at 11); *see also* Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 at 6, *Ex parte Sullivan*,

No. W10-21100-N(A) (195th Jud. Dist. Ct., Dallas Cnty., Tex. Oct. 8, 2018). That first state habeas application was dismissed on December 19, 2018, leaving approximately 11 months on Sullivan's federal limitations period. In September or October 2019, Sullivan's family retained his second state habeas counsel, Craig Watkins. (*See* Dkt. No. 3 at 44; Dkt. No. 4 at 6; Dkt. No. 5 at 2; Dkt. No. 7 at 1.) According to Sullivan's filings in support of equitable tolling, when Watkins was retained in September or October 2019—only 1 or 2 months prior to the expiration of Sullivan's federal limitations period—he purportedly advised "that he would begin substantive work on the case within approximately two years." (Dkt. No. 7 at 1; *see also id.* at 7.)

Sullivan alleges no facts or information to show that he diligently pursued his rights between December 2018, when his first state habeas application was dismissed, and September or October 2019, when he retained Watkins. *See Perez v. Director, TDCJ-CID*, No. 2:25-CV-32-Z-BR, 2025 WL 3234675, at *3 (N.D. Tex. Oct. 6, 2025) ("[The petitioner] must have 'acted with reasonable diligence throughout the period he seeks to toll.'"), *rec. adopted*, 2025 WL 3231984 (N.D. Tex. Nov. 19, 2025). Nor has he shown that he acted with reasonable diligence in pursuit of his rights when, with approximately two months remaining on his federal limitations period, he retained post-conviction habeas counsel who indicated that he would start on the case within two years. (*See* Dkt. No. 3 at 44; Dkt. No. 7 at 1, 7.) Additionally, Sullivan fails to show that emails from 2022 and 2023 to Watkins, which were sent over two years after Watkins was retained and after Sullivan's federal limitations

period had expired, constitute reasonable diligence for purposes of equitable tolling. (*See* Dkt. No. 7 at 4-30.)

Even if Sullivan had diligently pursued his federal post-conviction remedies, he still fails to show that "extraordinary circumstances" kept him from a timely filing such that equitable tolling would be warranted.  To the extent Sullivan complains about Watkins's communication shortcomings, that Watkins acknowledged missing a writ deadline, and that the 2022 state habeas application Watkins filed was filed in the wrong case,[3] "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."[4]  *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *see also Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002).

Further, although Sullivan alleges that he "was incarcerated at TDCJ throughout this period [of Watkins's representation] and had no access to court dockets or filing records that would have permitted me to independently verify which case number Watkins was filing in," he provides no explanation for or evidence showing this purported lack of access to court records during his incarceration.  (Dkt.

---

[3] Watkins filed a state habeas application in Sullivan's contemporaneous state criminal case, Cause No. F10-21101-N.  *See In re Sullivan*, No. WR-89,261-03 (Tex. Crim. App. Jan. 11, 2023); *In re Sullivan*, No. W10-21101-N(B) (195th Jud. Dist. Ct., Dallas Cnty., Tex. Nov. 1, 2022).  As the Court has noted, Sullivan is not challenging his other state criminal case in this habeas action.

[4] Although abandonment by state habeas counsel may support equitable tolling, this is not a case where state habeas counsel abandoned the petitioner.  *See North v. Davis*, 800 F. App'x 211, 216 (5th Cir. 2020) (citing *Maples v. Thomas*, 565 U.S. 266, 282 (2012)).  As Sullivan acknowledges, his first state habeas counsel filed the first state habeas application to obtain the trial record, and Watkins filed a state habeas application, albeit allegedly in the wrong case, after being retained to represent Sullivan.

No. 3 at 45; *see also* Dkt. No. 4 at 7.)  Rather, it appears that instead of lack of access, it was not until Sullivan found out about Watkins's death in December 2023 that he "began working to understand the status of my case." (Dkt. No. 3 at 46; Dkt. No. 5 at 4.)  It was at this time that he started to "work through court records, review what had and had not been filed, and research the applicable law—all from within TDCJ, without legal training, and with limited access to legal resources at the Hughes Unit law library." (*Id.*)  Even so, Sullivan delayed over a year before filing his pro se state habeas application and almost an additional year before filing his § 2254 petition.[5] Sullivan's pro se status, lack of knowledge of the law, and "limited access to outside information" do not constitute extraordinary circumstances supporting equitable tolling.  *Fisher*, 174 F.3d at 714; *see also Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).

Sullivan also appears to complain that Watkins had a "disqualifying conflict" in representing him because Watkins was the former District Attorney ("DA") who signed the indictment on which Sullivan originally entered his open guilty plea in 2012.  (Dkt. No. 4 at 7; *see also* Dkt. No. 3 at 4.)  Sullivan fails to explain how this constitutes an "extraordinary circumstance" for purposes of equitable tolling,

---

[5] Sullivan states that it took him until December 2024 to discover that Watkins purportedly filed a state habeas application for the wrong case, namely Cause No. F10-21101-N.  (*See* Dkt. No. 3 at 46; Dkt. No. 5 at 3.)  The Court notes, however, that Watkins's state habeas filings expressly identify Cause No. F10-21101-N as the case being challenged, and the TCCA's notice of receipt and denial of that same habeas application, sent directly to Sullivan at his unit of incarceration—reference the corresponding writ case for that cause number.  *See In re Sullivan*, No. WR-89,261-03 (Tex. Ct. Crim. App. Dec. 21, 2022 & Jan. 11, 2023); *In re Sullivan*, No. W10-21101-N(B) (195th Jud. Dist. Ct., Dallas Cnty., Tex. Nov. 1, 2022).

especially as the identity of the DA who signed his indictment—available since 2012—could have been obtained through the exercise of reasonable diligence.

Accordingly, Sullivan has not met his burden to show that he has been pursuing his rights diligently and that an extraordinary circumstance prevented him from timely filing his petition.  He therefore is not entitled to equitable tolling.[6]

## C.  Actual Innocence

The Supreme Court has held that even when a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a claim of actual innocence, if proved, can overcome the AEDPA's statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  A tenable actual innocence claim "must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"  *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018).  It must show that it is more likely than not that no reasonable factfinder would have convicted the petitioner in light of the new evidence and the evidence presented at trial.  *See id.*

Sullivan does not allege that he is actually innocent of the bases on which his deferred adjudication was revoked and the guilt adjudication was entered, and his claims do not present evidence of actual innocence.  Accordingly, he cannot

---

[6] Even if Watkins's purportedly misfiled state habeas application had been correctly filed to challenge Cause No. F10-21100-N, this § 2254 action is still untimely, and Sullivan fails to establish that equitable tolling is warranted for the reasons the Court has discussed.

overcome the applicable AEDPA limitations period under the actual innocence exception. His § 2254 petition is therefore untimely.

## III. RECOMMENDATION

The Court should **DISMISS** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed on April 3, 2026 (Dkt. No. 3), with prejudice as barred by the statute of limitations.

**SO RECOMMENDED** on April 24, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

12