IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT DARCELL SULLIVAN, JR., | § | |
| ID # 02086150, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-CV-1079-K-BW |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), filed on April 30, 2026.  (Dkt. No. 15.) Based on the relevant filings and applicable law, the Court should **DENY** the motion.

## I.  BACKGROUND

Albert Darcell Sullivan, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division, filed a habeas petition under 28 U.S.C. § 2254 challenging a February 2017 adjudication of guilt and 40-year sentence in Dallas County, Texas.  (*See* Dkt. No. 3.)  On April 24, 2026, the undersigned recommended that the § 2254 petition be dismissed with prejudice as barred by the statute of limitations.  (*See* Dkt. No. 10.)  Sullivan subsequently filed objections— with more than 60 pages of exhibits—to the recommendation.  (*See* Dkt. No. 11.)

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

On April 29, 2026, the Court overruled Sullivan's objections, accepted the recommendation, entered judgment dismissing the § 2254 petition with prejudice as barred by the statute of limitations, and denied a certificate of appealability. (*See* Dkt. Nos. 12-14.)

Sullivan now seeks to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e). (*See* Dkt. No. 15.) He contends that the judgment in this case "rests on manifest errors of law and fact in the equitable-tolling analysis," and that the Court "did not give adequate effect to the record evidence of Petitioner's diligence or to the extraordinary circumstances caused by counsel Craig Watkins's conduct, including the missed deadline, the filing in the wrong case, prolonged unreachability, and counsel's death before corrective action could be taken." (*Id.* at 1-2.) Attached to his motion are exhibits he previously submitted with his objections to the April 24 recommendation. (*See id.* at 1, 8-69.)

## II.  FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they are expected

2

use the "extraordinary remedy" of Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Sullivan revisits and again seeks review of arguments he raised in his § 2254 petition and in his objections to the April 24 recommendation, which arguments the Court has already considered and rejected. As explained, rehashing evidence, legal theories, or arguments previously raised before the entry of judgment is insufficient to establish entitlement to relief under Rule 59(e). *See Gates v. Strain*, 885 F.3d 874, 884-85 (5th Cir. 2018). Sullivan therefore has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment in this case. He has provided insufficient grounds to justify relief under Rule 59(e), and the Court should deny his motion.

### III.  RECOMMENDATION

The Court should **DENY** Petitioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), filed on April 30, 2026 (Dkt. No. 15).

**SO RECOMMENDED** on May 28, 2026.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. _See_ 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. _See Douglass v. United Services Automobile Ass'n_, 79 F.3d 1415, 1417 (5th Cir. 1996), _modified by statute on other grounds_, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4